[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
The plaintiff commenced this action by summons and complaint dated December 2, 1993. The defendant has now moved to dismiss the action on the ground that a verified petition and order to show cause were not utilized. The defendant claims that General Statutes § 46b-160 mandates the plaintiff follow the latter method. Having failed to do so deprives this court of subject matter jurisdiction or jurisdiction over the defendant. A third reason is insufficiency of process in starting the suit.
The plaintiff then filed an amended verified complaint.
The original summons and complaint were served in the hands of the defendant, as set out in the sheriff's return. The sheriff's return was not challenged by the defendant and the CT Page 6152 jurisdiction over the person of the defendant was obtained,Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53, § 57(a) C.G.S.
Section 46b-160 provides that a verified paternity petition and rule to show cause why the request for relief in the petition should not be granted must be served. However, Fischer v.Goldstein, 14 Conn. App. 487 (1988), held that paternity could be decided as part of a judgment rendered pursuant to a petition submitted via the Uniform Reciprocal Enforcement of Support Act (URESA) found in §§ 46b-180 through 46b-211, C.G.S. Our Supreme Court denied cert. at 208 Conn. 814. The petition shall be verified as required by § 46b-188. The plaintiff has now filed a verified complaint. The need for a rule to show cause was not found to equate with "summons" defined in § 46b-180(13).
The defendant's motion to dismiss is denied.
HARRIGAN, J.